IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | |
|---|---|
| PRESIDENTIAL CANDIDATE NUMBER P60005535, <br><br> *Plaintiff*, <br><br> v. <br><br> WES MOORE, GOVERNOR D - MARYLAND; AISHA BRAVEBOY, PRINCE GEORGE'S COUNTY EXECUTIVE; JAMIE RASKIN, CONGRESSMAN D - MARYLAND; ANGELA ALSOBROOKS, SENATOR D - MARYLAND; CHRIS VAN HOLLEN, SENATOR D - MARYLAND; AND ANTHONY BROWN, MARYLAND ATTORNEY GENERAL; <br><br> *Defendants*. | CIVIL ACTION NO. 1:25-CV-00407-MJT-ZJH |

## MEMORANDUM OPINION REGARDING VENUE

Pursuant to 28 U.S.C. § 636 and the Local Rules of Court for the Assignment of Duties to United States Magistrate Judges, the district court referred this proceeding to the undersigned magistrate judge to conduct all pretrial proceedings, to enter findings of fact and recommend disposition on case-dispositive matters, and to determine non-dispositive matters. *See* 28 U.S.C. § 636(b)(1); E.D. Tex. Loc. R. CV-72.

Plaintiff Presidential Candidate Number P60005535, also known as Ronald Satish Emrit, proceeding *pro se* and *in forma pauperis*, brings this action against Governor Wes Moore, Prince George's County Executive Aisha Braveboy, Congressman Jamie Raskin, Senator Angela Alsobrooks, Senator Chris Van Hollen, and Maryland Attorney General Anthony Brown. Doc. No. 1.

Analysis

Emrit sues six defendants who are all elected officials in the state of Maryland. Emrit's suit is a rambling complaint that touches on a perceived unfairness of public housing and job opportunities. Emrit has been declared a vexatious litigant in at least one other court.[1]

I.    Discussion

Plaintiff complains of conduct occurring in the state of Maryland, including the alleged failure to provide housing benefits, public assistance, and employment opportunities through Maryland state and local agencies and officials. Further, all six Defendants are located in Maryland. When public officials are parties to an action in their official capacities, they reside for venue purposes in the county where they perform their official duties. *Holloway v. Gunnell*, 685 F.2d 150 (5th Cir. 1982); *Lowrey v. Estelle*, 433 F.2d 265 (5th Cir. 1976).

Pursuant to 28 U.S.C. § 100, Maryland constitutes one judicial district, located within the jurisdictional boundaries of the United States District Court for the District of Maryland. Accordingly, venue for such claims is not proper in the Eastern District of Texas.

When venue is not proper, the court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). After due consideration, the undersigned is of the opinion that the claims in this action should be transferred to the District of Maryland. A separate order so providing will be entered on this date.

---

[1] *Emrit v. Cobb Gonzalez Law Firm of Jacksonville, Fla.*, No. 8:25-CV-999 (M.D. Fla. Apr. filed April 7, 2025).

## II. Order

The undersigned **TRANSFERS** the present action to the United States District Court for the District of Maryland, as the alleged conduct, parties, and operative facts are centered in that jurisdiction (Doc. No. 1).

SIGNED this 19th day of August, 2025.

_____
Zack Hawthorn
United States Magistrate Judge